UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY ALAN JOHNSON,  No. C 06-3257 SI (pr)

    Petitioner,  **ORDER TO SHOW CAUSE**

    v.

JAMES A. YATES, warden,

    Respondent.
    _____/

## INTRODUCTION

Gregory Alan Johnson, an inmate at Pleasant Valley State Prison, filed this pro se action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. His in forma pauperis application also is before the court for consideration.

## BACKGROUND

Johnson reports in his petition that he was convicted in Santa Clara County Superior Court of first degree murder and first degree robbery. He was sentenced on June 22, 2001, to a term of 25 years to life in prison. He appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court. Johnson filed unsuccessful habeas petitions in state court. He then filed this action.

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Johnson alleges the following claims in his petition:[1] (1) his constitutional right to present a defense was violated by the exclusion of evidence of the victim's reputation for violent sex, (2) the trial court's erroneous instructions that permitted the jury to find petitioner guilty of robbery and felony murder even if he framed the intent after killing the victim violated Johnson's Sixth and Fourteenth Amendment rights to trial by jury and due process, (3) the failure to instruct on theft as a lesser included offense violated his "federal constitutional right[] to have the jury reliably determine every material issue," Points & Authorities, p. 53, (4) the failure to give the CALJIC 5.10 and 5.13 instructions violated his Sixth and Fourteenth Amendment right to a jury trial, (5) his Sixth Amendment right to effective assistance of counsel was violated by counsel's failure to request complete and accurate jury instructions, and (6) the use of the CALJIC 17.41.1 jury instruction violated his Sixth and Fourteenth Amendment right to a jury trial. Liberally construed, these claims are cognizable in a federal habeas proceeding.

Johnson also claims that the trial court erroneously instructed that he could be liable as an aider and abettor but failed to sua sponte instruct on principles of aiding and abetting liability. See Petition, p. 6; Points & Authorities, pp. 48-52. This claim asserts only a state law error and

---

[1] The court understands the petition to include only those three claims asserted on the habeas form as well as those claims in the document identified as the "defendant's opening brief for federal habeas review" on the table of contents petitioner submitted with his petition.

not a violation of the constitution, laws or treaties of the United States, as it must to be considered in federal habeas. This, and the other claims of state law error, must be dismissed.

**CONCLUSION**

For the foregoing reasons,

1. The six federal constitutional claims identified above are cognizable claims for habeas relief and warrant a response. All other claims are dismissed.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **October 13, 2006**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of the transcript of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **November 17, 2006**.

5. The in forma pauperis application is GRANTED. (Docket # 2 and # 5.)

IT IS SO ORDERED.

DATED: August 7, 2006

SUSAN ILLSTON
United States District Judge