UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY ALAN JOHNSON,

  Petitioner,

  v.

JAMES A. YATES, warden,

  Respondent.

           /

No. C 06-3257 SI (pr)

**ORDER DENYING MOTION TO DISMISS AND SETTING BRIEFING SCHEDULE ON MERITS OF PETITION**

## INTRODUCTION

Gregory Alan Johnson, a prisoner currently in custody at the Pleasant Valley State Prison in Coalinga, California, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2001 conviction. Now before the court for consideration is respondent's motion to dismiss the petition as time-barred. The court finds that the petition was timely filed and denies the motion to dismiss. The court will set a briefing schedule on the merits of the petition.

## BACKGROUND

Johnson was convicted in Santa Clara County Superior Court of first degree murder and first degree robbery in 2001. He was sentenced to 25 years to life in prison. He appealed. The California Court of Appeal affirmed his conviction in 2003 and the California Supreme Court denied his petition for review on October 15, 2003.

1    Johnson filed three state habeas petitions. His petition for writ of habeas corpus in the Santa Clara County Superior Court was filed on December 16, 2003 and denied on January 9, 2004. His petition for writ of habeas corpus in the California Court of Appeal was filed on April 12, 2004 and denied on June 7, 2004. His petition for writ of habeas corpus in the California Supreme Court was filed on April 22, 2005 and denied on April 12, 2006.

Johnson's federal petition was dated May 10, 2006 and was stamped "filed" on May 17, 2006. The postmark on the envelope is undated.

Respondent filed a motion to dismiss the action on the ground that the petition was untimely filed. Johnson opposed the motion to dismiss by filing a document entitled "petitioner's traverse to answer."

## DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Tolling is available for the intervening period between state habeas petitions when a petitioner files the later state habeas petition "within what California would consider a reasonable time." Evans v. Chavis, 126 S. Ct. 846, 852 (2006); see Carey v. Saffold, 536 U.S. 214, 220 (2002).

Equitable tolling of the limitations period is available upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition. See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be available in most cases because extensions of time should only be granted if extraordinary circumstances beyond prisoner's control make it impossible for him to file petition on time), cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

The one-year limitations period for Johnson started on January 13, 2004, when his judgment became final after the 90-day period for him to petition for writ of certiorari in the U.S. Supreme Court expired. See 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999) (direct review period includes the 90-day period during which the petitioner could have filed a petition for writ of certiorari, regardless of whether he did so). The presumptive deadline was January 13, 2005. However, the limitations period was tolled several times.

First, the limitations period was statutorily tolled for the 56 days, starting on April 12, 2004 and ending on June 7, 2004, for the time Johnson's habeas petition was pending in the California Court of Appeal.[1]

---

[1] Johnson does not receive tolling for the time during which his habeas petition was pending in the Santa Clara County Superior Court because that petition was filed and denied before the limitations period started on January 13, 2004.

He also does not receive tolling for the time periods between his state habeas petitions because he delayed too long in going from one level to the next. In Evans v. Chavis, 126 S. Ct. at 853, the Supreme Court found a six-month delay between the denial of a habeas petition in the California Court of Appeal and the filing of a new habeas petition in the California Supreme Court to be unreasonable and, consequently, held tolling was not available during that period. Consistent therewith, the Ninth Circuit has denied "gap tolling" during periods of ten, fifteen and eighteen months between California habeas petitions. Gaston v. Palmer, 447 F.3d 1163, 1167 (9th Cir. 2006). A delay longer than the amount of time comparable to the time permitted for filing an appeal (e.g., sixty days for an appeal from the superior court and ten days for an appeal from the California Court of Appeal decision) are presumptively not reasonable delays. See Chavis, 126 S. Ct. at 854. Johnson's 3-month and 10-month delays greatly exceeded the time allowed for appellate review of the superior court and the California Court of Appeal's decisions. He therefore does not receive tolling for those gaps between his state habeas petitions.

Second, Johnson receives equitable tolling for 120 days when he was separated from his legal materials based on housing changes in prison. Johnson stated in his traverse filed November 20, 2006, that he was separated from his personal property and legal materials each time he went into administrative segregation and that prevented filing of the petition. Although his allegations are vague, he indicates that each time he went into administrative segregation, he was separated from his materials for sixty days. See Traverse, p. 3. He states that he was put in administrative segregation starting on June 17, 2004, and again on December 1, 2004. Id. Because respondent has not filed a reply brief and has not disputed the assertions that Johnson was put in administrative segregation on those two occasions and was separated from his legal materials for sixty days on both occasions, the court will accept them as true and allow equitable tolling for those two sixty-day periods.

Third, the limitations period was statutorily tolled for the 355 days, starting on April 22, 2005 and ending on April 12, 2006, for the time Johnson's habeas petition was pending in the California Supreme Court.

The tolling periods of 56 + 120 + 355 days extended the deadline by 531 days. Adding those 531 days of tolling to the original presumptive deadline of January 13, 2005, pushed back the deadline for Johnson to file in federal court to June 28, 2007.

Johnson's federal petition was deemed filed on May 6, 2006. Under the prisoner mailbox rule, a pro se petitioner's filing is deemed filed when he delivers it to prison authorities for mailing. See Saffold v. Newland, 250 F.3d 1262, 1268 (9th Cir. 2001), vacated and remanded on other grounds, Carey v. Saffold, 536 U.S. 214 (2002).

The petition was filed within the one-year period, as extended by the tolling events. The statute of limitations in 28 U.S.C. § 2244(d)(1) does not bar the petition.

## CONCLUSION

Respondent's motion to dismiss is DENIED. (Docket # 7.) The petition was filed within the limitations period. In light of the denial of the motion to dismiss, the court now sets the

4

following briefing schedule on the merits of the petition.

1.  Respondent must file and serve upon petitioner, on or before **August 3, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of the transcript of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

2.  If petitioner wishes to respond to the answer, he must do so by filing a traverse with the Court and serving it on respondent on or before **September 7, 2007**.

IT IS SO ORDERED.

DATED: June 15, 2007

*Susan Illston*
SUSAN ILLSTON
United States District Judge